THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

CHRISTOPHER T.  MOORE )
)
Plaintiff, )
) CIVIL ACTION NO.:
v. )
)
HUB Group, INC., )
)
Defendant. )
)

**PLAINTIFFS' ORIGINAL COMPLAINT**
**FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Christopher Moore ("Moore") and files this his Original Complaint

for Declaratory Judgment. In support of their complaint and request for injunctive relief, Plaintiff

would show as follows.

**PARTIES**

1.      Christopher Moore ("Moore") is a citizen of the State of Missouri.

2.      HUB Group, Inc. ("HUB") is a Delaware Corporation and  citizen of the State of

Illinois, with its corporate headquarters in Illinois.

**JURISDICTON AND VENUE**

3.      This action arises out of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a), as the amount

in controversy exceeds over $ 75,0000 and complete diversity of citizenship exists between the

parties for Moore and Hub are not domiciled in the same state.

4.      Venue in the instant court is appropriate under 28 U.S.C. § 1391(d) as Defendant

is a corporation subject to personal jurisdiction at the time an action is commenced deemed to

1

reside in any district in Illinois within which its contacts would be sufficient to subject it to personal jurisdiction if this district were a separate State.

**FACTS RELATED TO PLAINTIFF' S CLAIM**

5.     In early 2023, Moore, who is a veteran of the trucking industry, changed employers, whereby he moved from a job in the industry where he worked for over a decade to start a new job with Hub as Senior Vice-President of Dedicated Operations.

6.     During his brief employment with Hub, Moore's work touched about transactions in the Sates of California, Illinois, Texas, Georgia and Connecticut.

7.     On or around February, 2023, Hub submitted to Moore the attached document titled "Non-Competition, Non-Solicitation, and Confidentiality Agreement ("the Agreement") to Moore to sign. (The Agreement is attached hereto and incorporated herein as Exhibit 1).

8.     Said Agreement was purported to have been electronically signed on behalf of Hub by the Chief Human Resources Officer, Michelle McDermott, who was located in the Hub corporate offices in Illinois at the time of signature.

9.     At the time the Agreement and signature were presented to Moore a new statute came into effect in Hub's home state, titled the Illinois Freedom to Work Act ("IFWA") 820 ILCS 90/1 to 90/10. Said statute specifically governs contracts such as the Agreement, and went into effect after January 1, 2022.

10.     Said statute governs any agreement with an employer and an employee that imposes financial adverse consequences of the employee if the employee is engaged in competitive activities after the employee's termination of employment, and deems such contracts void unless the employee receives adequate compensation; the agreement is no greater than is required for the

protection of a legitimate business interest of the employer; the agreement does not impose undue hardship on the employee, and the agreement is not injurious to the public

11.    In contravention with Illinois law, the contract at issue claims jurisdiction of Delaware when none of the work done by Moore reasonably relates to the state of Delaware.

12.    Moore began working with Hub on March 1, 2023.

13.    Upon beginning the job at Hub, Moore became uncomfortable with certain business conduct of Hub. He addressed those concerns with his new Hub supervisors, and made a quick determination that he should part ways with Hub.

14.    Without getting too familiar with the inner workings of Hub or any of its purported secrets, on [Date] Moore announced to his immediate supervisor, Ben Strickler that he was going to leave Hub.  Moore also sent a formal email on June 13, 2023 to Strickler titled "Resignation" memorializing the June 2 conversation.

15.     His official departure date was June 16, 2023.

16.    Moore wishes, however, to continue working in the trucking industry.

17.    He discussed that concern with Ben Strickler and Brian Alexander of Hub, and was advised that the noncompetition terms in the Agreement may be in effect.

**REQUEST FOR DECLARATORY RELIEF**

18.    Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, Plaintiff requests that the Court enter a judgment construing the provisions of the employment agreement which contains certain noncompetition terms in violation of Illinois law, and that given the amount of time that Moore worked for Hub, which was equal to approximately a little over three months, that under the law, the non-competition terms are unenforceable, and that Moore may commence work for an employer in the same industry as Hub without being legally in breach

3

of noncompetition terms of the agreement, and for an order declaring and clarifying the rights and obligations of the parties in relation to the purported non-competition agreement.

19.     There is a live case or controversy between the parties, in that Hub suggested its desire to enforce the noncompetition terms, and Moore seeks to be employed in the industry that the agreement in question purports to exclude him from working within.

20.     This is a situation that is ongoing.

21.     Moore has the prospect to return to work with his former employer, prior to Hub, in the industry in question, but the entity that would be willing to provide the work to Moore demanded certainty as to the question of enforceability of the Hub Agreement as a condition precedent to Moore's returning to his former employer as an employee.

22.     Moore and Hub have a fundamental disagreement regarding the legal merit and enforceability of the provisions of the agreement, especially in light of a new statute, as well as case law, in Illinois which specifically precludes the enforcement of such an agreement, and a determination as to this claim would resolve this controversy and provide the parties with certainty regarding their legal rights and obligations related to same.

23.     The Illinois Freedom to Work Act ("IFWA") 820 ILCS 90/1 to 90/10 applies to the Agreement and its terms.

24.     Further, under the law, such agreements can only be enforced if they meet a reasonableness standard, and if the geographic restriction and temporal scope protect legitimate business interests of the employer.

25.     The Agreement, as applied to Moore, does not meet the reasonableness standard.

26.     Additionally, and most notably, under Illinois law two years of employment is required for a non-competition agreement to be supported by adequate consideration., and in the

4

instant case the Agreement cannot be enforceable against Moore as he only worked for the approximate time of three months with Hub.

27.    Under the IFWA, for non-competition agreements entered into on or after January 1, 2022, a non-competition agreement is void without adequate consideration unless the employee worked for the employer for at least two years after the employee signed the agreement containing the con-compete clause or the employee otherwise provided consideration adequate to support an agreement.

28.    The Agreement was entered after January 1, 2022.

29.    In the instant case the Agreement cannot be enforceable against Moore as he only worked for the approximate time of a little over three months with Hub.

30.    The purported choice of law provision of the Agreement suggests that Delaware is the law to apply, but said choice of law provision is invalid as it is an end around Hub's home state requirements. To the extent that Delaware law does not have similar provisions to Illinois the application of the Delaware choice of law provisions violates the public policy of Illinois, which has a materially greater interest in the dispute, and therefore the law of Illinois governs.

31.    Further, the parties and contract do not have a substantial relationship to Delaware and there is no reasonable basis for the parties' choice.

WHEREFORE, Plaintiff Moore requests that this Court determine:

(a) that the Illinois Freedom to Work Act ("IFWA") 820 ILCS 90/1 to 90/10 applies to the Agreement and its terms;

(b) that the court find that the Agreement is a void and non-enforceable contract per said statute; that the Agreement imposes unreasonable financial adverse consequences of

the employee if the employee is engaged in competitive activities after the employee's termination of employment;

(c) that Moore did not receive adequate compensation for the non-competition terms of the Agreement to apply to him post-employment;

(d) that the non-competition terms of the Agreement are greater than is required for the protection of a legitimate business interest of HJB;

(e) that the noncompetition terms of the Agreement imposes undue hardship on Moore,

(f) that the noncompetition terms injurious to the public;

(g) that Hub failed to meet the presentation requirements of IFWA, to advise the employee in writing to consult with an attorney before entering into the agreement and to provide the employee with a copy of the agreement within 14 days of commencement of the employee's employment

(h) but the entity that would be willing to provide the work to Moore demanded certainty as to the question of enforceability of the Hub Agreement as a condition precedent to Moore's returning to his former employer as an employee;

(i) Provide the Agreement cannot be enforced because it does not meet the requisite reasonableness standard in relation to protecting Hub's business

(j) Provide the Agreement cannot be enforced because and the geographic restriction and temporal scope are overbroad to protect any legitimate business interests of the employer.

(k) Provide that enforcement of the Agreement at this juncture is not supported by adequate consideration., for in the instant case the Agreement cannot be enforceable against Moore as he only worked for the approximate time of three months with Hub.

(l)  Provide that Moore may accept without consequence the prospect to return to work with his former employer prior to Hub in the industry in question,

(m) And provide an adequate declaratory judgment with procedures in place that allows parties to a dispute to learn the consequences of their actions before acting.

Plaintiffs respectfully request a Jury Trial.

Date: August 7, 2023

Respectfully submitted,
AVIGAD LAW, LLC
By: /s/ Joshua M. Avigad
Joshua M. Avigad IL ARDC # 6224410
225 S. Meramec, Suite 1021
Saint Louis, Missouri 63105
Telephone: (314) 488-2860
Josh@avigadlaw.com
Attorneys for Plaintiff Christopher T. Moore.

7